IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA REIN,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 11-4137-CM |
| **JEFFREY L. HERRIG, JEFFERSON COUNTY SHERIFF, individually and in his official capacity as Sheriff, and the JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for judgment on the pleadings (Doc. 5). Plaintiff Melissa Rein, represented by counsel, brings this action against defendants Jeffery L. Herrig, Jefferson County Sheriff, individually and in his official capacity as Sheriff, and the Jefferson County Board of County Commissioners ("Board"). Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII), 42 U.S.C. § 2000e *et seq*., with claims of constructive discharge and gender discrimination. Plaintiff also alleges violations of her civil rights under the Fifth and Fourteenth Amendments in violation of 42 U.S.C. § 1983.

### I.     Factual Background

Plaintiff worked for the Jefferson County Sheriff's Office Jail Division as a Corrections Officer from 2006 until May 11, 2011. In August 2009, the Jefferson County jail implemented a shift-bidding process allowing employees to bid on shifts. A certain number of slots in each shift were designated as

male slots, and a certain number were designated as female slots. Employees could select their shift preference in order of seniority by rank, then seniority based on length of service with the county. Each corrections officer then selected from remaining shifts available to employees of his or her gender. An email was sent to jail employees on August 21, 2009 detailing the bidding process and indicating that bidding would begin on August 25, 2009.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Kansas Human Rights Commission on August 6, 2010. In her claim, plaintiff stated she was subjected to disparate treatment compared to similarly situated male employees because she "was not allowed to bid for a better shift and was given a less desirable shift." (Doc. 4-1.) Plaintiff received a right-to-sue letter from the EEOC on July 15, 2011. The right-to-sue letter stated that plaintiff must file her lawsuit within 90 days of plaintiff's receipt of the letter.[1] Plaintiff filed this lawsuit on October 12, 2011, one day before the 90-day deadline expired. On February 10, 2012—121 days after she filed this suit—plaintiff served Jefferson County Clerk Linda Buttron and Undersheriff Robert Chartier. Sheriff Herrig has not been personally served.

**II.    Legal Standard**

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214,

---

[1] *See* 42 U.S.C. § 2000e-5(f)(1) (providing civil action may be brought within 90 days of receipt of right-to-sue letter).

1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

### III.     Discussion

Several filing and service deficiencies plague this lawsuit. Without reaching the merits of plaintiff's claims, the court finds that these deficiencies warrant dismissal of plaintiff's claims against both defendants for the following reasons.

#### A.   42 U.S.C. § 1983 Claims

Plaintiff alleges that defendants' shift-bidding policy violated her civil rights guaranteed by the United States Constitution under 42 U.S.C. § 1983. There is no statute of limitations directly applicable to 42 U.S.C. § 1983 claims; the forum state's statute of limitations for personal injury controls. *McElroy v. State Attorney Gen.*, No. 09-3125-SAC, 2009 WL 2523358, at *3 (D. Kan. Aug. 18, 2009). The parties agree that in Kansas, the two-year statute of limitations provided in K.S.A. § 60-513(a)(4) applies. *See id.* (citing *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006)). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Id.* (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation omitted)).

According to plaintiff's complaint, the shift-bidding policy was "in place" on August 21, 2009. (Doc. 1.) An email announcing the policy was sent to jail staff on that same day. (Doc. 4-3.) The email stated that bidding would commence on August 25, 2009. (*Id.*) Thus, plaintiff knew or should have known her constitutional rights had allegedly been violated by at least August 25, 2009, when bidding took place and she did not receive her preferred shift.[2] The statute of limitations on plaintiff's § 1983 claim expired two years later, on August 25, 2011. Plaintiff filed this suit on October 12, 2011, after the statute of limitations had expired. Plaintiff offers no explanation for her untimely filing. Finding no reason to allow tolling of the two-year limitation period, the court dismisses plaintiff's §1983 claims against both defendants as time-barred.

**B. Title VII Claims**

Prior to filing a Title VII suit in federal court, a plaintiff must first file an EEOC charge. *See Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012). Here, plaintiff was required to file her charges with the EEOC within 300 days "after the unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). As is outlined above, defendants implemented the shift-bidding policy on August 21, 2009. Thus, plaintiff should have filed her charges with the EEOC by June 17, 2010. *See id*. However, plaintiff did not file her charges until August 6, 2010. Because plaintiff failed to timely

---

[2] In her response, plaintiff states that her § 1983 claim "arises out of multiple occasions on which the plaintiff was discriminated against based on her gender." Essentially, plaintiff claims that a "new clock for filing charges" was started each time the shift-bidding process took place (every six months). The court disagrees. Plaintiff cites *National Railroad Corp. v. Morgan*, 536 U.S. 101, 114 (2002), which holds that each discrete employment act such as termination, failure to promote, denial of transfer, or refusal to hire must be raised within the statute of limitations period. Unlike the Title VII discrimination claim involved in *Morgan*, the claim here is a §1983 claim which accrues when plaintiff knew or should have known that her constitutional rights were violated. *See Seifert v. Unified Gov't. of Wyandotte Cnty./ Kansas City, Kan.*, No. 11-2327-JTM, 2012 WL 2448932, at *5 (D. Kan. June 26, 2012) ("The continuing violation theory is not applicable to § 1983 claims for damages."). Moreover, the Tenth Circuit rejected the continuing violation theory in *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). *See Eke v. CaridianBCT*, No. 11-1483, 2012 WL 3089714, at *5 (D. Kan. July 31, 2012). Even if the theory did apply, plaintiff should have known about the alleged discrimination when bidding took place on August 25, 2009. *See Davidson v. Am.Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) ("[A] continuing violation claim fails if the plaintiff knew, or through the exercise of reasonable diligence would have known, she was being discriminated against at the time the earlier events occurred."). Thus, August 25, 2009 is the latest applicable date for the commencement of the statute of limitations.

exhaust her administrative remedies, defendants argue that the court is without jurisdiction to consider plaintiff's Title VII claims.

While it is true that complete failure to file a charge with the EEOC might leave a court without jurisdiction to hear a plaintiff's claim, this is not true for the failure to *timely file* an EEOC claim. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982) (settling a dispute among circuits on the issue by holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court . . . ."). Instead, the Supreme Court held that the requirement to timely file with the EEOC is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id*.

Because plaintiff did file a charge with the EEOC—although an untimely one—this court maintains jurisdiction over plaintiff's Title VII claims. In this case, defendants have not waived the issue, as they have clearly pointed out in their motion for judgment on the pleadings that plaintiff's claim with the EEOC was untimely. Additionally, the court finds no reason to apply equitable tolling—plaintiff has failed to state any reason why she failed to comply with the 300-day filing requirement. *See Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) (noting that "federal courts have typically extended equitable relief only sparingly," especially in cases "where the claimant failed to exercise due diligence in preserving his legal rights"). For these reasons, plaintiff's Title VII claims against both defendants are dismissed for failure to timely exhaust.

**C. Failure to Comply with Federal Rule of Civil Procedure 4(m)**

In addition to the above reasons for dismissing plaintiff's claims, plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m) as to both defendants also warrants dismissal. Under Rule 4(m), the plaintiff must serve the defendant within 120 days after filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff does not timely achieve service, "the court—on motion or on its own after notice

to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. If the plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period." *Id*. Even if good cause is not shown, the court may still consider whether a permissive extension of time is appropriate. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The court then has discretion to dismiss the case without prejudice or extend the time for service. *Id*.

The statutory 90-day deadline ran on plaintiff's Title VII claims on October 13, 2011, a single day after plaintiff filed the instant action. The court understands that dismissal of plaintiff's claims will preclude plaintiff from refiling this action. For the reasons below, however, the court finds that dismissal of plaintiff's claims against both defendants is appropriate.

### 1. Claims Against Defendant Herrig

The court agrees with the reasoning in *Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *1 (D. Kan. Mar. 7, 2008), a case with facts very similar to this one. In *Bradley*, as here, the plaintiff did not serve either defendant within 120 days. *See id*. In her response to defendants' motion for judgment on the pleadings, plaintiff admits she still has not personally served defendant Herrig. In *Bradley*, the plaintiff asked for an enlargement of time to serve the defendant; plaintiff here has failed to even do that.[3] *See id*. Plaintiff has also failed to state any reason why she has failed to serve defendant Herrig.

Like the court in *Bradley*, this court finds no reason to exercise its discretion when plaintiff provides no good reason for failing to timely serve defendant Herrig. *See id*. The court agrees with defendants that they would suffer prejudice if plaintiff is allowed extra time to serve defendant Herrig. *See id.* at *4 (noting that "extending the time to effect service essentially extends the statute of

---

[3] While plaintiff has asked the court to dismiss her claims without prejudice, plaintiff has not asked for an extension of time to complete service.

-6-

limitations" and that "defendant[s] should not be prejudiced by being forced to litigate a case that would otherwise be barred for noncompliance with the federal rules").

In its discretion, this court declines to "reward this plaintiff for waiting until the last minute to file and obtain service while a more diligent plaintiff would be comparatively punished for filing and pursuing his case with time to spare." *See Riddle v. Wichita Pub. Sch.*, No. Civ. A. 04-1400-MBL, 2005 WL 1563444, at *5 (D. Kan. June 30, 2005) (denying a motion to extend time for service where the plaintiff filed her Title VII claim on the eve of the statute of limitations, failed to complete service within 120 days of filing suit, and the dismissal resulted in some of plaintiff's claims being time-barred). For these reasons, all claims against defendant Herrig are dismissed for lack of service.

### 2. Claims Against Defendant Board

Plaintiff also admits that she failed to timely serve defendant Board. Federal Rule of Civil Procedure 4(j)(2)(B) points to state law for service of a local government. K.S.A. § 60-304(d)(1) provides that a party may effect service on a county "by serving one of the county commissioners, the county clerk or the county treasurer." Plaintiff filed this action on October 12, 2011. Plaintiff correctly served County Clerk Linda Buttrom; however, Buttrom was not served until February 10, 2012, 121 days after plaintiff filed suit. Plaintiff has offered no explanation as to her untimely service.

Similar to the reasoning above regarding the lack of service as to defendant Herrig, the court declines to allow plaintiff additional time to serve defendant Board. Plaintiff failed to request an extension of time to serve defendant Board, and ignored the 120-day limitation for service when she served the Board out of time. As a result, all claims against defendant Board are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 5) is granted.

Dated this 31st day of August, 2012, at Kansas City, Kansas.

-8-

    s/ Carlos Murguia        
**CARLOS MURGUIA**
**United States District Judge**